IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JUSTIN D. WEAVER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 12-3216 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

<u>OPINION</u>

RICHARD MILLS, U.S. District Judge:

Pending is the Motion of Petitioner Justin D. Weaver to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Pending also are the Petitioner's Motion for Reconsideration of the Order Denying the Petitioner's Motion for Discovery and the Government's Motion to Dismiss the § 2255 Motion. The Petitioner has also filed a Motion for Leave to File an Amended Motion under § 2255.

Upon reviewing all of the filings, the Court concludes that no evidentiary hearing under Rule 8(a) is warranted.

## I.

On May 6, 2009, a federal grand jury charged Petitioner Justin D. Weaver by indictment with one count of possession of child pornography. See United States v. Justin D. Weaver, Case No. 09-CR-30036. On September 1, 2009, the Petitioner was charged by superseding indictment with additional counts of production of child pornography, possession of child pornography and destruction of evidence.

On January 27, 2011, pursuant to a plea agreement, the Petitioner entered pleas of guilty to Counts 1, 3, and 4 and consented to the forfeiture allegations of Count 5.

On August 12, 2011, the Petitioner was sentenced to 360 months imprisonment on Count 1; 120 months imprisonment on Count 3; and 240 months imprisonment on Count 4, all to run concurrently, followed by a life term of supervised release. Pursuant to the plea agreement, Count 2 was dismissed.

## II.

In his § 2255 motion, the Petitioner's first ground for relief is that

counsel's advice to plead guilty and waive his right to appeal and collateral attack constituted ineffective assistance of counsel and violated his rights under the Sixth Amendment. The Petitioner also asserts that counsel was ineffective in investigating and presenting a potential mental health-related offense and, as a result, he pleaded guilty out of desperation. The Petitioner's third ground for relief is that his sentence is unconstitutional and represents a great disparity when compared to others who are similarly situated.

The Petitioner's § 2255 motion was filed on August 17, 2012. On the same date, the Petitioner filed a motion for leave to file a memorandum in support of his habeas motion. In that motion for leave, the Petitioner stated he was cognizant of the one-year limitations period and sought additional time to file a memorandum.[1] At the time, he was seeking documents from the attorney who represented him during the underlying proceeding.

---

[1] Because the Petitioner did not filed a direct appeal, it appears that he would have been required to file a § 2255 motion by August 26, 2012, pursuant to 28 U.S.C. § 2255(f)(1). Accordingly, the filing of the motion itself was timely.

The Petitioner was granted an extension. On September 17, 2012, the Court Ordered that the Petitioner's memorandum in support of his § 2255 motion was due on October 22, 2012.

The Petitioner did not file a memorandum by October 22, 2012. On December 7, 2012, the Petitioner filed a motion for discovery which was denied on December 12, 2012. On January 11, 2013, the Petitioner filed a motion for reconsideration of the Order on denying the motion for discovery. In a January 14, 2013 Text Order, the Court directed the Government to respond to the Petitioner's motion by stating whether it has any psychiatric records in its possession that are relevant to the claims in the Petitioner's motion and are subject to discovery under Rule 6 of the Rules Governing Section 2255 Proceedings.

### III.

A. Discovery

On January 17, 2013, the Government filed a motion to dismiss which addressed, in part, whether it possessed any records relevant to the Petitioner's claims. The Government stated that it has three documents

prepared by mental health professionals in its case file. These include (1) a psychiatric report from Ron Nieberding, Ph.D., LCP, at Metropolitan Correctional Center; (2) an addendum to that report; and (3) a report from Dr. Terry Killian.

The psychiatric report and addendum from the Metropolitan Correctional Center relate to the Petitioner's motion to determine competency, which was filed on June 28, 2010. Upon reviewing these reports and consulting with counsel, the Petitioner eventually agreed with the findings in the reports that he was competent to stand trial. In hearings on November 16 and 17, 2010, the Petitioner acknowledged he was competent to stand trial and the Court found him so. The report from Dr. Killian was a sealed document filed by the Petitioner as an attachment to his sentencing commentary. The Government states that it has no other psychiatric reports in its case file.

Pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, a court may authorize discovery if a party shows "good cause." Rule 6(b) states that the party must "provide reasons" for the discovery

5

request. A petitioner's speculation or hope that there is evidence hidden in the record which might support his claim does not constitute good cause. See Jones v. United States, 231 F. App'x 485, 488 (7th Cir. 2007).

The Court concludes that Petitioner has not shown how these psychiatric reports that he presented in mitigation at sentencing (Dr. Killian's report) or agreed with at the status hearing to determine competency (Dr. Nieberding's report) advance his claims for relief. Both reports found that Petitioner was competent to stand trial. Although the Petitioner alleges that counsel did not investigate a mental health defense, the record establishes that counsel filed a motion to determine competency. The Court allowed the motion and the Petitioner was evaluated by Dr. Nieberding. Additionally, counsel hired Dr. Killian in order to present evidence in mitigation on the Petitioner's behalf. The Court concludes that counsel acted with due diligence in investigating any mental health defense that could have been raised at trial or in mitigation at sentencing.

Although the Petitioner claims that counsel did not file a formal motion seeking mitigation for his mental health issues, the record shows

that on August 9, 2011, counsel did file a sentencing commentary which sought a sentence below the guideline range. Counsel's request was based on the Petitioner's mental health issues, in addition to other mitigating factors discussed in the commentary. The Petitioner's mistaken belief as to the evidence in the record does not advance his claim.

Based on the foregoing, the Petitioner has not provided valid reasons or good cause for the discovery request.[2] The other claims in his § 2255 motion do not address mental health issues. Accordingly, the Petitioner cannot show good cause for this discovery as to the additional claims.

Accordingly, the Petitioner's motion to reconsider the Order denying his motion for discovery will be Denied.

B. Waiver

(1)

The Petitioner's guilty plea was made pursuant to a written plea agreement and with the assistance of counsel. The plea agreement included

---

[2] As the Government notes, moreover, defendants generally do not have access to discovery documents while incarcerated for their own safety and for the safety of witnesses listed in the discovery particularly where, as here, the Petitioner was convicted of sexually based offenses perpetrated upon minors.

a waiver of the Petitioner's right to collaterally attack his sentence, as follows:

> The defendant also understands that he has a right to attack his conviction and/or sentence collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code.

Section 2255. See United States v. Justin D. Weaver, Case No. 3:09-cr-30036, Doc. No. 34 ¶31.

Plea agreements are contracts which should be interpreted according to their terms. See United States v. Smith, 759 F.3d 702, 706 (7th Cir. 2014). A waiver of collateral review in plea agreements is generally enforceable. See Hurlow v. United States, 726 F.3d 958, 964 (7th Cir. 2013). "The sole type of ineffectiveness claim we have said that a defendant may not waive is an ineffectiveness claim having to do with the waiver (or the plea agreement as a whole) and its negotiation." Smith, 759 F.3d at 707.

Because individuals entering in to plea agreements have a constitutional right to the effective assistance of counsel, a collateral review waiver cannot be invoked against a claim that counsel was ineffective in negotiating the plea agreement. See Hurlow, 726 F.3d at 964. In asserting counsel was ineffective in that capacity, an individual must do more than make "naked assertions that he was denied effective assistance of counsel

9

and that the agreement was involuntary." See Jones v. United States, 167 F.3d 1142, 1145-46 (7th Cir. 1999). Rather, a petitioner must allege that the plea agreement was "the product of ineffective assistance of counsel[]" or "tainted by ineffective assistance of counsel." See Hurlow, 726 F.3d at 967 (internal citations omitted).

The Court is unable to find that counsel was ineffective in negotiating the waiver. The Petitioner received counsel and voluntarily agreed to the waiver. The Petitioner stated n the plea agreement and under oath in open court that he was "satisfied with the legal services provided by [his] attorney;" that he "fully under[stood] this Agreement" and agreed to it "voluntarily and of [his] own free will." See Weaver, Case No. 09–cr–30036, Doc. No. 34 ¶35.

(2)

The Petitioner has provided no basis for finding that the plea agreement was the product of ineffective assistance of counsel or tainted by ineffective assistance. Despite the fact that Petitioner stated under oath at his change of plea hearing that he understood he faced a sentence of at least

10

15 years and a potential maximum sentence of 60 years and, further, acknowledged in the plea agreement he understood that the Court would "impose whatever sentence it deems appropriate," the Petitioner now states he would not have pled guilty if he knew that counsel's prediction as to the sentence would not turn out to be accurate. Although the Petitioner now claims counsel "assured" him that his prediction of a sentence would be realized, this is contrary to the representations made by the Petitioner in the plea agreement and at his change of plea hearing.

Accordingly, it appears that Petitioner did not agree with the sentence imposed and, for that reason, no longer wants to be bound by the terms of his contract with the Government. The Petitioner is not permitted to nullify the plea agreement on that basis. Accordingly, the Court concludes the Petitioner's bare assertion that he would not have pled guilty and waived his right to collaterally attack his sentence does not assert a cognizable ineffective assistance of counsel claim.

Even if the Petitioner's second ground had not been waived, it is factually incorrect and does not assert a legitimate ineffective assistance of

counsel claim. For the reasons discussed earlier in addressing the motion for discovery, the Petitioner's attorney was not "constitutionally deficient in investigating and presenting a mental health-related defense . . . inducing [him] to plead guilty out of desperation." The record shows that counsel was diligent in pursuing such a defense. It further shows that additional discovery would not have helped the Petitioner. This claim is wholly without merit and also waived.

Additionally, the final ground asserted in the Petitioner's § 2255 motion is that the sentence of 360 months imprisonment is unconstitutional and unlawful.[3] The Petitioner's bare assertion that the sentence represents a great disparity when compared to those similarly situated is unsupported. The sentence was a guideline sentence and was not unconstitutional or unlawful. This ground has also been waived.

Accordingly, the Court concludes that, even if the claims asserted in

---

[3] The Petitioner states that 360 months was "the upper term allowed." It is true that the maximum sentence for any count of conviction was 360 months. However, the Court could have ordered the terms to be served consecutively. In fact, the Government recommended a total sentence of 720 months or 60 years, based on consecutive terms for each of the three counts. See Case No. 09-cr-30036, Doc. No. 50, at 22.

the Petitioner's § 2255 motion had not been waived, they would be without merit.

(3)

Finally, the Petitioner's argument related to the commerce clause is raised for the first time in his motion for leave to file a first amended § 2255 motion, which was filed on June 8, 2015. The Petitioner's supplement was due by October 22, 2012. Accordingly, the Petitioner's argument was waived and also was not filed within the limitations period. It is also without merit. See United States v. Angle, 234 F.3d 326 (7th Cir. 2000) (rejecting a challenge to Congress's authority to regulate child pornography).

IV.

The Petitioner has failed to show that he is in federal custody pursuant to an unconstitutional or illegal sentence. The Petitioner has provided no reason not to enforce the waiver of the right to collaterally attack his sentence. Therefore, the Court concludes that none of the Petitioner's claims warrant relief under § 2255.

An appeal may be taken if the Court issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A). Because the Petitioner has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings.

Ergo, the Government's Motion to Dismiss the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [d/e 9] is ALLOWED.

The Motion under 28 U.S.C. § 2255 of Justin D. Weaver to Vacate, Set Aside or Correct Sentence [d/e 1] is DISMISSED.

The Petitioner's Motion to Reconsider the Order Denying the Petitioner's Motion for Discovery [d/e 8] is DENIED.

The Petitioner's Motion for Leave to File an Amended § 2255 Motion [d/e 19] is DENIED.

The Court declines to issue a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings.

The Clerk will terminate this case.

ENTER: June 17, 2015

FOR THE COURT:

                                                                           s/Richard Mills
                                                                     Richard Mills
                                                                     United States District Judge